PER CURIAM.
Appellants, Ramsey Nursing Facilities, Inc. and North Miami Nursing Facilities, Inc., appeal an order denying their motion to dismiss or abate for improper venue, an enforcement action brought by appellee in the Leon County Circuit Court. Citing Section 120.69(l)(a), Florida Statutes, which provides that a petition for enforcement may only be brought in the county where the subject matter of the enforcement is located, appellants contend that their motion should have been granted since their only places of business and the subject matter of the proceedings are in Dade County. We agree and reverse.
In 1977, Sunset Nursing Homes, Inc., (Sunset) protested the action of the Department in disallowing medicaid reimbursement for expenses relating to compensation of corporate officers and depreciation on its three nursing home facilities in Dade County. Sunset also objected to the Department’s requirement that the three nursing home facilities operated by Sunset be reported as separate providers. Sunset requested an administrative hearing which was held in Dade County. The hearing officer entered an order recommending that the basis for computation of depreciation of the depreciable assets of Sunset be the same basis as its predecessor in title; that the compensation of the corporate officers of Sunset be limited to $48,000.00 per year; and that each nursing home owned by Sunset submit separate costs of provider services and not consolidated reports. The order was adopted by the Department as a final order. Several months later, Sunset leased two of its Dade County nursing facilities to appellants, Ramsey Nursing Facilities, Inc. and North Miami Facilities, Inc.
On January 28, 1980, the Department filed a petition for enforcement of agency action against appellants and Sunset in Leon County Circuit Court alleging that pursuant to the hearing officer’s recommended order, adopted by the Department, Sunset owes the Department $145,000.00. In its petition for enforcement, the Department seeks to withhold medicaid reimbursements from appellants in an amount equal to the lease amounts owed by appellants to Sunset. The Department contends that this authorized withholding should constitute payment of the lease amounts to Sunset and should relieve appellants from any obligation to pay the amount withheld to Sunset. Appellants moved to dismiss on the grounds of improper venue since each has its principal and only place of business in Dade County, and pursuant to Section 120.-69(l)(a), a petition for enforcement may only be brought in the county where the subject matter is located. The Circuit Court denied the motion.
We agree with appellants’ contention that venue should be in Dade County, where they maintained their principal places of business, where the violation occurred (Sunset’s medicaid overcharges) and where the leased property is located. Appellants’ liability to Sunset arising from these leases is the “subject matter” of the enforcement proceeding so far as appellants are concerned, since they were not parties to the administrative proceeding between Sunset and appellee. Notably, appellee has not favored us with a brief in response to appellants’ arguments. However, we reject the argument, apparently advanced by ap-pellee in the trial court, that the “subject matter” of the enforcement proceeding lies in Leon County on the theory that appellee issued its medicaid checks to Sunset from Leon County.
We hold that under the facts of this case, the “subject matter of the enforcement” is *797 in Dade County. See Polar Ice Cream and Creamery, Inc. v. Andrews, 146 So.2d 609 (Fla. 1st DCA 1962). Accordingly, the order is reversed and the cause remanded for proceedings consistent with this opinion.
MILLS, C. J., and BOOTH and LARRY G. SMITH, JJ., concur.